Bullard, J.
This suit was instituted on the following instrument of writing: “ I have bought of Mr. W. Offutt a boy named Cyrus, for which I promise to pay him seven hundred and fifty dollars by acceptance and note. December 14th, 1834.
“ H. P. Morancy.”
The answer of the defendant denies all the allegations of the petition, except such as are admitted ; and he further says, that at or about the date of the instrument sued on, he made a contract with the plaintiff to purchase of him twenty slaves, for the sum of twenty thousand dollars, payable in the notes of Philip Maher, endorsed by him, (Morancy,) and, in his drafts on a mercantile firm in Natchez or New Orleans. Ten of the slaves were delivered according to the contract, and paid for in a note of Maher, and a draft on the designated firm, and the other ten were to be delivered whenever he, defendant, should call on plaintiff for them. He says he did call on plaintiff, by his agent, for the slaves, and tendered him the note of Maher, and the draft for the requisite amount, when plaintiff neglected and refused to deliver him the slaves sold to him, without any reason or cause, *93 whereby he suffered damage to the amount of $5000. He further says, that as to the slave Cyrus, he agreed to purchase him for the price mentioned, and he was to be paid for with the other ten slaves, in the note of Maher, and the accepted draft of the firm named. The defendant, therefore, prays for judgment in reconvention for the damages claimed ; and asks, that a sufficient portion of such damages be applied to the extinguishment of the price of the slave Cyrus, and that, for the remainder, he have execution. He also says, that he has never been put in default by plaintiff as to the note and acceptance he was to give for said slave Cyrus, wherefore the plaintiff is not entitled to recover.
The execution of the instrument sued on is admitted. It is proved, that the plaintiff did contract to sell to the defendant twenty slaves for the price of $20,000, payable in the notes of Maher, and the accepted drafts on Burke, Watt & Co. Ten of the slaves were delivered at the time of the contract, in December, 1834 ; the other ten were to be delivered whenever defendant called for them. The contract was made in Mississippi, by parol agreement, in which state it is proved that slaves were personal property, and parol contracts relating to them legal in January, 1836, an agent of the defendant called on the plaintiff for the ten slaves ; tendered him the note of Maher, and a draft on Burke, Watt & Co., for a sum more than sufficient to pay for them and the slave Cyrus. The plaintiff looked at the note and draft, said they were all right, or, at least, made no objection to them; but said, that he then did not have the slaves to deliver, and further, that he was to have until the 10th of February following to deliver them. He never has delivered the slaves, nor offered to do so. It is proved that, when this demand was made by the agent of the defendant, slaves were rising in ■ price rapidly; that in the course of that year, such slaves as plaintiff was to deliver to defendant were sold at from $200 to $500 the pair, more than the price stipulated. That the plaintiff was a dealer or trader in slaves, and that his business was to buy and sell for a profit. The defendant is a planter, and did not contract for the slaves to sell again, but to employ them on his plantation. It is not shown that he suffered any loss by not getting the slaves ; that he was embarrassed in his planting operations; that he lost any profits, or was obliged to purchase *94 other slaves at a higher price; nor is .it shown that the plaintiff had at any time such slaves as he had engaged to deliver in his possession, and sold them at a higher price to some other person. When the agent of the defendant demanded the ten slaves of plaintiff, two or three persons were present; but one witness, it is proved, is sufficient in Mississippi to prove such a fact. The contract was made in that state, and was to be executed there, the plaintiff being a resident of the same.
Stockton, Steele, and Dunlap, for the plaintiff.
Bemiss, Stacy, and Sparrow, for the appellant.
The plaintiff had a judgment for seven hundred and fifty dollars, with legal interest from judicial demand, and the defendant has appealed.
The defendant contends, that he is not liable on the written instrument to pay for the slave Cyrus, until he has been legally put in delay, by a demand to execute the note or draft agreed to be given for him.
It appears to us quite clear, that the expression in the contract, “ by acceptance and note,” connects this transaction for the sale of Cyrus, with the contract shown to have existed for the sale and delivery of twenty slaves, and that the note or acceptance was to be of the same description. This is, indeed, expressly sworn to by a witness who testifies that Cyrus was to be taken at a reduced price, he not answering the description, and was to be paid for with the remaining ten not delivered. The action is brought for the price in money, without any allegation or proof that any demand had been previously made for the note or acceptance. If, on the day after the date of that memorandum, the plaintiff could not have maintained this action, without a previous demand, neither can he now. Nothing has since occurred, so far as the record shows, to authorize such recovery. He cannot be permitted to separate the agreement relative to Cyras, from the entire contract relative to the sale of twenty slaves, to be paid for together and in the same manner.
This view of the case renders it unnecessary to inquire into the question of damages as claimed in reconvention. That claim is reserved to the defendant.
The judgment of the District Court is, therefore, reversed, and ours is for the defendant, as in case of nonsuit, with costs in both courts.